**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

HÉCTOR JESÚS RONDÓN,

      Petitioner,

      v.

THE UNITED STATES OF AMERICA,

      Respondent.

**Civil No. 22-1273 (ADC)**
**[Related to Crim. No. 18-597-29 (ADC)]**

## OPINION AND ORDER

**I.    Introduction**

Pending before the Court is petitioner Héctor Jesús Rondón's ("Rondón" or "petitioner") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, filed on June 1, 2022. **ECF No. 1**. The United States of America ("United States" of "respondent") opposes petitioner's motion, arguing that the claim is moot[1] and, in the alternative, that petitioner fails to demonstrate ineffective assistance of trial counsel. **ECF No. 3**.

Having considered the above filings, and for the ensuing reasons, the Court **DENIES** petitioner's request.

**II.    Background**

On May 26, 2021, petitioner was convicted and sentenced for violating the Controlled Substances Act, 21 U.S.C. § 846, and sentenced to both the statutory minimum of 60 months'

---

[1] Petitioner has challenged his sentence but not his conviction. As per information provided by the government, petitioner was released from custody on November 12, 2024. **ECF No. 3**, at 2.

imprisonment and the statutory minimum four years' supervised release. Case No. 18-cr-597-

ADC-HRV-29, ECF Nos. 1443 (Judgment), 1445 (Amended Presentence Report), at 15-16; 1243

(Rondón's Sentencing Memorandum), at 3. Petitioner did not file a direct appeal from his

judgment of conviction and/or sentence. Here, where judgment was entered on May 26, 2021,

Rondón's sentence became final on June 9, 2021, fourteen days after the time for filing a direct

appeal of his criminal conviction expired. *See* 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b)(1)(A)(i).

Thereafter, Rondón was required to bring a motion for postconviction relief within one year. 28

U.S.C. § 2255(f)(1).

On June 1, 2022, petitioner filed the instant motion under 28 U.S.C. § 2255. In it, petitioner

requests that the Court "[r]educe [his] sentence," of "60 months." **ECF No. 1**, at 1, 12. In support

of his petition, Rondón argues that his attorney was ineffective at his sentencing by allegedly

having failed to investigate his medical history and present such evidence. *Id.*, at 5. Petitioner

argues that, had counsel presented such evidence, the Court would have "sentenced [him] to a

different sentence taking into account [his] medical conditions." *Id*.

The United States opposed petitioner's motion on two grounds. **ECF No. 3**. First, the

United States argues that petitioner's motion is moot, explaining that he requests only that the

Court re-evaluate his 60-month sentence, which he has already served and constituted the

mandatory minimum sentence. *Id*. at 2-3. Secondly, the United States claims that, in the

alternative, petitioner fails to demonstrate ineffective assistance of counsel. *Id*. at 3-4.

III.    **Legal Standard**

To succeed on a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the petitioner must illustrate that the "petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (citing *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). Such relief is only available to individuals who are "prisoner[s] in custody under sentence of a court established by [an] Act of Congress. . . ." 28 U.S.C. § 2255(a). The habeas petitioner must be "in custody under the conviction or sentence under attack at the time the petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (cleaned up).

IV.    **Discussion**

The United States argues that because "Rondón's 2255 motion only challenged his 60-month imprisonment sentence and did not seek to vacate his conviction on Count One or challenge his 4-year term or conditions of supervised release," then his "release from federal custody in November 2024 turned moot his § 2255 motion." **ECF No. 3**, at 2.

An argument that a case is moot constitutes a challenge to the Court's subject-matter jurisdiction, because "[m]ootness is a ground which should ordinarily be decided in advance of any determination on the merits." *Am. C.L. Union of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013). The mootness doctrine "addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *Moore v. Harper*, 600

U.S. 1, 14 (2023) (quoting *West Virginia v. EPA*, 597 U.S. 697, 719 (2022)). It is a corollary of the

"Case" and "Controversy" jurisdictional requirement contained in Article III of the United States

Constitution. *Id.* A petition for habeas corpus "does not automatically become moot if custody

abates after the case is brought and while it is still pending." *Lefkowitz v. Fair*, 816 F.2d 17, 19 (1st

Cir. 1987). Yet if "there is no longer any available relief that can be judicially awarded, [a] petition

is moot." *Simon v. United States*, 70 F.3d 1252 (1st Cir. 1995).

Rondón's petition challenges his sentence of "60 months," **ECF No. 1**, at 1, and requests

that the Court "[r]educe [his] sentence," *Id.*, at 12. Rondón was released from federal custody on

November 12, 2024. **ECF No. 3**, at 2. Although Rondón is still serving his 4-year supervised

release term, his petition does not challenge or request review of this supervised release term.

As Rondón challenges only the 60-month sentence he has now already served, "there is no

longer any available relief that can be judicially awarded." *See Simon*, 70 F.3d at 1252. Therefore,

Rondón's petition is moot.[2]

## V.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must

issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the

---

[2] The Court recognizes that Rondón is *pro se*, and therefore the Court must construe his petition liberally, holding it to a "less stringent standard[] than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet even were the Court to do so and, for example, construe that his petition also challenges his 4-year supervised release term (thereby meaning his petition would not be moot), his ineffective assistance of counsel claim would also fail. Rondón could not meet the heavy burden to "show that (1) his counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," particularly given that he was sentenced to the statutory minimum. *United States* v. *Pérez-Segura*, 126 F.4th 784, 789 (1st Cir. 2025) (cleaned up).

applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. § 2255. To merit a COA, an

applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should

issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least,

that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right, and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Applying that standard here, jurists of reason would not find it debatable whether

petitioner's claims should be denied. Accordingly, the COA is **DENIED**.

**VI.    Conclusion**

For the above-stated reasons, the Court **DENIES** petitioner's motion to vacate, set aside,

or correct sentence at **ECF No. 1**. The above-captioned case is **DISMISSED**. Judgment shall be

entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of June 2025.

> **S/AIDA M. DELGADO-COLÓN**
> **United States District Judge**

---

Additionally, having investigated the record in the underlying criminal case, the Court notes that the presentence report contains discussion of petitioner's medical history. *See* Case No. 18-cr-597-ADC-HRV-29, ECF No. 1445, at 13. Thus, the Court was aware of such history, rendering it even less likely that, had counsel mentioned it at the sentencing hearing, Rondón's sentence would have been altered.